**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Carla Verduzco**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Value Dental Centers Mesa West AZ, LLC**, an Arizona Limited Liability Company, | |
| Defendant. | |

Plaintiff, Carla Verduzco ("Plaintiff"), sues the Defendant, Value Dental Centers Mesa West AZ, LLC and alleges as follows:

## **PRELIMINARY STATEMENT**

1.     This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6.     At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

7.     At all material times, Defendant Value Dental Centers Mesa West AZ, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Value Dental Centers Mesa West AZ, LLC does

business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8.     Defendant Value Dental Centers Mesa West AZ, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9.     Under the FLSA, Defendant Value Dental Centers Mesa West AZ, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Value Dental Centers Mesa West AZ, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Value Dental Centers Mesa West AZ, LLC is subject to liability under the FLSA.

10.     At all relevant times, Plaintiff was an "employee" of Defendant Value Dental Centers Mesa West AZ, LLC as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

11.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant Value Dental Centers Mesa West AZ, LLC.

12.     At all relevant times, Defendant Value Dental Centers Mesa West AZ, LLC was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

13.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant Value Dental Centers Mesa West AZ, LLC.

14.     At all relevant times, Plaintiff was an "employee" of Defendant Value Dental Centers Mesa West AZ, LLC as defined by A.R.S. § 23-362.

15.     At all relevant times, Defendant Value Dental Centers Mesa West AZ, LLC were and continue to be "employers" as defined by A.R.S. § 23-362.

16.     Defendant Value Dental Centers Mesa West AZ, LLC individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

17.     Plaintiff, in her work for Defendant Value Dental Centers Mesa West AZ, LLC, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18.     At all relevant times, Plaintiff, in her work for Defendant Value Dental Centers Mesa West AZ, LLC, was engaged in commerce or the production of goods for commerce.

19.     At all relevant times, Plaintiff, in her work for Defendant Value Dental Centers Mesa West AZ, LLC, was engaged in interstate commerce.

20.     Plaintiff, in her work for Defendant Value Dental Centers Mesa West AZ, LLC, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

21.     Defendant owns and/or operates as Value Dental Centers Mesa West AZ, LLC, an enterprise located in Maricopa County, Arizona.

22.     Plaintiff was hired by as a temporary dental assistant in or around March 2019 and worked for Defendant for one shift, approximately eight hours.

23.     Defendant, in its sole discretion, agreed to pay Plaintiff $17.00 per hour for all hours she worked.

24.     During the time that Plaintiff worked for Defendant, Plaintiff worked approximately 8 hours in total.

25.     Defendant never compensated Plaintiff for the hours that she spent working for it.

26.     After leaving her employment with Defendant, Plaintiff contacted the Defendant on several occasions to ask about her paycheck.  Plaintiff spoke to the owner and he advised Plaintiff that they would mail her paycheck.  Plaintiff never received her check in the mail.

27.     Plaintiff continued to contact Defendant, however Defendant stopped responding to Plaintiff's phone calls.

28.     As a result, Defendant failed to compensate Plaintiff any wages whatsoever for the hours she worked.

29.     As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for the hours she worked, Defendant failed to pay the applicable minimum wage to Plaintiff.

30.     As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for the hours that Plaintiff worked, Defendant violated 29 U.S.C. § 206(a).

-5-

31.     As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for the hours Plaintiff worked, Defendant has violated the AMWA, A.R.S. § 23-363.

32.     Defendant has and continues to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

33.     Defendant has and continues to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

34.     Plaintiff is a covered employee within the meaning of the FLSA.

35.     Plaintiff is a covered employee within the meaning of the AMWA.

36.     Plaintiff was a non-exempt employee.

37.     Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

38.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

39.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

40.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

41.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42.     Defendant willfully and improperly failed to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff spent working for Defendant.

43.     As a result, Defendant failed to pay the applicable minimum wage to Plaintiff.

44.     Defendant's practice of willfully and improperly failing to compensate Plaintiff any wage whatsoever for any of the hours Plaintiff worked for Defendant violated the FLSA, 29 U.S.C. § 206(a).

45.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carla Verduzco, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

46.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.    Defendant willfully and improperly failed to compensate Plaintiff any wage whatsoever for any hours Plaintiff worked for Defendant.

48.    As a result, Defendant failed to pay the applicable minimum wage to Plaintiff.

49.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

50.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-8-

**WHEREFORE**, Plaintiff, Carla Verduzco, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

     i.     Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

     ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

RESPECTFULLY SUBMITTED this 9th Day of December, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*