**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Carla Verduzco**, <br><br> Plaintiff, <br><br> v. <br><br> **Value Dental Centers West AZ LLC**, et al. <br><br> Defendants. | No. 2:20-cv-02380-DJH <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT** |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff Carla Verduzco respectfully requests that the Court enter judgment by default against Defendant Value Dental Centers West AZ LLC ("Defendant").

**I.     Procedural History.**

Plaintiff filed her Complaint seeking unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA") against Defendants on December 9, 2020.  Doc. 1.  Defendant was served on December 13, 2020.  Doc. 6.  Defendant's Answer or other response was due on or before January 3, 2021.  Defendants have failed to plead or otherwise defend and are now in default.  The

Clerk of the Court entered default against Defendants on March 22, 2021.  Doc. 10. Plaintiff now seeks default judgment against Defendants.  In support of this request, Plaintiff relies upon the record in this case and her declaration submitted (attached as "**Exhibit A**").

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a party has been defaulted, a court may enter a default judgment.  Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient."  *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  Fed. R. Civ. P 55(b)(2).

### III. Argument

#### A. Plaintiff has Met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

##### 1. Possibility of Prejudice to the Plaintiff.

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of its default, Defendant has admitted the allegations of the Complaint. Because Defendant is refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

##### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true.  *Televideo Sys*., 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Pepsico*, 238 F.Supp.2d at 1176.  Plaintiff worked for Defendants during approximately one workweek at an hourly rate of $17.  Declaration of Carla Verduzco, attached as "**Exhibit A**," at ¶¶ 5-7.  Plaintiff claims eight hours of unpaid federal and Arizona minimum wages of $7.25 and $11.00 that went completely uncompensated by Defendants.  *Id*.

In Exhibit A, Plaintiff provides a damage calculation.  Plaintiff worked approximately eight hours during the workweek at issue, but she was never paid any wage whatsoever for such time worked.  *Id.*, at ¶ 8.  The damage calculation shows that Plaintiff is owed $88 in unliquidated damages.  *Id.*, at ¶¶ 9-11.

This is a very small amount of money at issue, which further supports granting this Motion.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage.  *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009).  The fifth *Eitel* factor weighs in favor of default.

**5.     Whether Default was Due to Excusable Neglect**

Under the sixth *Eitel* factor, the Court considers whether Defendants; default resulted from excusable neglect. *Eitel*, at 1471-72.  The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action.  Plaintiff served Defendant via Bright Wright, its registered statutory agent.  Doc. 6.  Because Defendants had knowledge of the matter and because Defendants were served personally, Defendants have actual knowledge of the action and the default was not due to excusable neglect.

**6.     The Policy Favoring a Decision on the Merits**

The final *Eitel* factor considers the preference for deciding cases on the merits.  However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004).  Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Defendant has been aware of this lawsuit since being served with the lawsuit.  Defendant has purposefully evaded responding to it.  Defendant has had ample time to answer or otherwise respond.  Rather than participate and seek a decision on the merits of the claim, Defendant has chosen to ignore the lawsuit altogether.  Defendant cannot plausibly argue that it must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and its obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendant Value Dental Centers Mesa West AZ LLC.

### B.     The Court Should Grant a Liquidated Damages Award

The FLSA provides that any employer who violates the minimum wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (ith Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc*. No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013).  Double damages are the norm and single damages are the exception.  *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003). This means that Plaintiff's federal minimum wage damages of $58 ($7.25 * 8) must be doubled to a total of $116.

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages."  Arizona Revised Statutes ("A.R.S.") § 23-364(G). This means that Plaintiff's Arizona minimum wage damages of $88 ($11 * 8) must be trebled to a total of $264.  Because this amount engulfs Plaintiff's federal minimum wage damages, $264 is the appropriate total minimum wage award.

Considering the foregoing, Plaintiff should be awarded total damages in the amount of $264 exclusive of attorneys' fees and costs, which both the FLSA and AMWA require.  29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

### C. Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to her attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013). If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to her attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

### IV. Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, individually and collectively, in the amount of $264.

Plaintiff further requests that the Court allow her to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED the 28th Day of April 2021.

BENDAU & BENDAU PLLC

/s/      *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th Day of April, 2021, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system. A copy of the foregoing was also sent via First Class Mail to the following:

> Value Dental Centers Mesa West AZ, LLC, via
> Brian Wright, its Registered Statutory Agent
> 11645 Via Montana
> Yuma, AZ 85367

/s/ *Clifford P. Bendau, II*