**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Verduzco,<br><br>  Plaintiff,<br><br>v.<br><br>Value Dental Centers Mesa West AZ LLC,<br><br>  Defendant. | No. CV-20-02380-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendant (Doc. 12). The Motion is unopposed, and the time in which to file a response has passed. *See* LRCiv 7.2(c).

**I.  Background**

Plaintiff filed her Complaint on December 9, 2020, and named her former employer as Defendant, Value Dental Centers Mesa West AZ LLC. (Doc. 1 at ¶ 7). Plaintiff alleges she was hired as a temporary assistant in March of 2019 and worked for a total of eight hours at a rate of $17.00 per hour. (*Id.* at ¶¶ 22, 23). Despite Defendant's promise that a paycheck was in the mail, Plaintiff alleges she never received it and was never paid for the time she worked. (*Id.* at ¶ 29). The Complaint brought two Counts against Defendant. The First alleged a violation of the Fair Labor Standards Act ("FLSA"), and the Second alleged a violation of the Arizona Minimum Wage Act ("AMWA"). (*Id.* at 7–8).

Defendant's statutory agent was served on December 13, 2020. (Doc. 6). After having failed to plead or otherwise defend this action, the Clerk entered default on March

15, 2021. (Doc. 9). On April 28, 2021, Plaintiff filed her Motion for Entry of Default Judgment against Defendant, which seeks a judgment for damages in the amount of $264.00, interest, and leave to file a motion for attorney fees and costs. (Doc. 12 at 7).

## II. Legal Standard

Although courts strongly prefer to decide cases on their merits, they may use their discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55. If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and personal jurisdiction over the party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds jurisdiction, it must consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Upon default, a complaint's factual allegations are taken as true, except for those relating to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. Jurisdiction and *Eitel* Analysis

Because the Complaint invokes a federal cause of action, the FLSA, this Court has original jurisdiction over this matter. *See* 28 U.S.C. § 1331. Defendant, an Arizona corporation, (Doc. 1 at ¶ 7), is at home in this jurisdiction and, therefore, subject to this Court's personal jurisdiction. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945). Having found subject matter jurisdiction and personal jurisdiction over Defendant, the Court will proceed with the *Eitel* factors.

### a. Possibility of Prejudice to Plaintiff

Without an entry of default judgment, Plaintiff's damages would remain unrelieved. Therefore, this factor favors default judgment.

### b. Merits of Substantive Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). To bring a FLSA claim for minimum wage violations, a plaintiff must show that she was: (1) employed by the defendant, (2) covered under the FLSA, and (3) that the defendant failed to pay minimum wage. 29 U.S.C. § 206(a). To bring an AMWA claim, a plaintiff must show that she was: (1) employed by the defendant, and (2) the defendant failed to pay minimum wage. A.R.S. § 23-363. The Court finds that the Complaint sufficiently alleged each of these elements. (Doc. 1 at ¶¶ 22, 28, 34). This factor favors entering default judgment.

### c. Sum at Stake

In this factor, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). Plaintiff seeks $264.00. (Doc. 12 at 7). The Court finds this amount is proportionate to the Defendant's conduct, which constitutes failing to pay Plaintiff for eight hours of work. This factor favors entering default judgment.

### d. Possibility of Dispute

The time has passed for Defendant to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This factor favors entering default judgment.

### e. Excusable Neglect

Plaintiff served Defendant's statutory agent. (Doc. 6). There is no indication that Defendant's failure to defend this action is due to excusable neglect. Therefore, the factor favors entering default judgment.

### f. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because Defendant has failed to

plead or otherwise defend this action. Therefore, this factor weighs against granting default judgment.

Overall, the Court finds the *Eitel* factors support an entry of default judgment against Defendant.

## IV.    Damages Analysis

Having found default judgment proper, the only remaining issue is one of damages. Damages may not differ in kind or exceed what was demanded in the pleadings. Fed. R. Civ. P. 54(c). This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile. *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). The Complaint sought payment of minimum wage, an additional amount for liquidated damages, interest, as well as an award of attorney fees and costs. (Doc. 1 at ¶¶ 45, 50).

The damages Plaintiff now seeks are not different in kind. Plaintiff argues that her Arizona minimum wage damages are $88.00, the product of eight hours times Arizona's minimum wage of $11.00 per hour. (Doc. 12 at 6); *see also* A.R.S. § 23-363(A)(3).

Plaintiff also seeks liquidated damages for the AMWA claim. (Doc. 12 at 6). Arizona law requires "an additional award that is equal to twice the underpaid wages . . . ." A.R.S. § 23-364(G). As her underpaid wages are $88.00, an additional award equal to twice that amount would be $176.00. Therefore, the total award would amount to $264.00. ($88.00 + ($88.00 x 2)). Plaintiff notes that because the award for the AMWA claim "engulfs Plaintiff's federal minimum wage damages, $264 is the appropriate total minimum wage award."[1] The Court agrees and will enter judgment against Defendant in the amount of $264.00.

The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."), and it will allow Plaintiff to file a motion for attorney fees and costs.

---

[1] Plaintiff claims $116.00 in damages under the FLSA. (Doc. 12 at 6).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Entry of Default Judgment (Doc. 12) is **granted**.  Default judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $264.00.

**IT IS FURTHER ORDERED** that Plaintiff is awarded post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. 1961(a).

**IT IS FINALLY ORDERED** that Plaintiff may file a motion for fees and costs pursuant to Local Rule of Civil Procedure 54.2.

Dated this 15th day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge