**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carla Verduzco, | No. CV-20-02380-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Value Dental Centers Mesa West AZ LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs (Doc. 16). Defendant has not responded or otherwise appeared to defend this action. For the following reasons the Court grants Plaintiff's Motion in part.

**I.   Background**

Plaintiff originally brought her claim against her former employer for failing to pay her wages, which were the total of eight hours of work at a rate of $17.00 per hour. (Doc. 1 at ¶¶ 22, 23). The Complaint brought two Counts against Defendant under the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA"). (*Id.* at 7–8). The Court granted Plaintiff's Motion for Default Judgment and awarded her a judgment in the amount of $264.00. (Doc. 14). Plaintiff now seeks an award of attorney fees and costs in the amount of $4,982.13. (Doc. 16 at 7).

**II.   Discussion**

A party seeking an award of attorney's fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c).

Plaintiff is eligible for an award under the FLSA, which states that courts "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant . . . ." 29 U.S.C. § 216(b). Plaintiff, having obtained a default judgment is also entitled to the award as the prevailing party. For FLSA purposes, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying *Hensley's* analysis of when a plaintiff prevails to an FLSA case).

As this will be a statutory award, the Court will use the lodestar method to assess Plaintiff's proposal. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley*, 461 U.S. at 433). To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3). The Court will proceed through these factors.

/ / /

**a. Time and Labor Required**

Plaintiff's counsel represents that this matter took 11.9 hours of time. (Doc. 16-5 at 2). Having reviewed the itemization of fees, the Court finds that this is a reasonable amount of time.

**b. Novelty and Difficulty**

The Court finds that this case did not present any novel or difficult issues.

**c. Requisite Skill**

The Court finds it takes a moderate amount of skill to litigate FLSA cases.

**d. Preclusion of Other Employment**

Plaintiff's attorney does not say whether he was precluded from other employment, and this matter's short duration suggests he was not.

**e. Customary Fee**

Plaintiff's counsel requests a fee is $378.75. (Doc. 16-6 at 3). He represents that his customarily awarded fee is between $325 and $455 per hour. (Doc. 16 at 3–4).

**f. Fixed or Contingent Fee**

Plaintiff entered into a contingent fee agreement with her attorney. (Doc. 16-1 at 3).

**g. Time Limitations**

There is no indication that Plaintiff placed any time limitations on counsel.

**h. Amount Involved and Results Obtained**

In hindsight, this matter took relatively little effort. Plaintiff sought damages of $264.00, which she was awarded on default judgment. (Doc. 14).

**i. Experience, Reputation, and Ability of the Attorneys**

Plaintiff's attorney represents that he is an experienced FLSA attorney. (Doc. 16 at 6).

**j. The Case's Undesirability**

Given the small amount in controversy, this was likely an undesirable case.

**k. Nature and Length of Relationship with the Client**

Nothing in the record discusses the nature and length of the relationship with the client. Given the nature of counsel's practice, the Court finds it reasonable to assume there was no preexisting relationship with the client prior to this matter.

**l. Awards in similar cases.**

Plaintiff attached an award that was granted in another case in this district that was won through default judgment finding that 18.5 hours of work at a rate of $395 was reasonable. *Knapp v. Invictus Protective Servs.*, CV-19-00878-PHX-DWL, (D. Ariz. June 7, 2019). This Court has previously found, in a contested action, that a rate of $350 was reasonable. *McGlothlin v. ASI Cap. Ventures LLC*, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021).

**III.   Conclusion**

The Court finds that the time spent on this matter, 11.9 hours, is a reasonable amount of time. Given this matter's simplicity and the fact that Plaintiff quickly prevailed by default judgment, a reasonable rate is $350 per hour. Therefore, the Court will enter an award of $4,165.00 in fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 16) is **granted** in part. Plaintiff is awarded $4,165.00 in fees and $475.00 in costs.

Dated this 12th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge